UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REVERSE NOW VII, LLC, | CASE NO. C16-209-MJP |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND |
| v. | |
| OREGON MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

THIS MATTER comes before the Court on Plaintiff's Motion for Leave to Amend Complaint. (Dkt. No. 19.) The Court has reviewed the Motion, the Response (Dkt. No. 26), the Reply (Dkt. No. 28) and all related papers.

**Background**

Plaintiff Reverse Now VII, LLC filed suit against Defendant Oregon Mutual Insurance Company in February 2016. (See Dkt. No. 1.) Plaintiff is the owner of an apartment building that was damaged by fire and the holder of a casualty insurance policy from Defendant. (Id. at 2.) Plaintiff's Complaint alleged that Defendant failed to provide the full amount of damages due under the policy, and included claims for breach of contract and unreasonable denial of a

1  claim for coverage or payment of benefits under RCW 48.30.015.  (Id. at 3-6.)  Plaintiff filed its

2  Complaint while the appraisal process was still pending.  (Id. at 3.)

3        At issue in the appraisal was whether the building's exterior siding required complete or

4  partial replacement.  (Dkt. No. 27 at 5.)  At the appraisal hearing, Plaintiff presented testimony

5  that complete replacement was needed because the existing marblecrete siding could not be

6  matched with new marblecrete siding.  (Id.)  Defendant presented testimony by a contractor who

7  stated he could satisfactorily match the siding and who offered photographs purporting to show

8  successful matching under similar circumstances.  (Id.)  The appraisal concluded in February

9  2017, with the panel awarding Plaintiff the cost of partial replacement.  (Dkt. No 19 at 2; Dkt.

10 No. 27 at 55.)  Upon investigating the contractor's testimony, Plaintiff learned that the

11 contractor's testimony before the appraisal panel had been false.  (Id. at 6.)  Plaintiff moved to

12 have the appraisal re-opened on this basis.  (Id. at 11.)  In June 2017, the panel denied the

13 motion.  (Dkt. No. 23 at 54.)

14                              **Discussion**

15        Plaintiff now seeks to amend its Complaint to add claims for (1) breach of contract; (2)

16 violations of Washington's Consumer Protection Act ("WCPA"); and (3) fraud in the appraisal

17 process.  (See Dkt. No. 19 at 2; Dkt. No. 20-1.)  Plaintiff did not include these claims in its

18 Complaint because it did not learn of the alleged fraud until after the appraisal hearing.  (Dkt.

19 No. 19 at 3.)  Defendant opposes the motion and contends that each of the proposed claims is

20 futile.  (Dkt. No. 26 at 5-7.)  In particular, Defendant contends: (1) no breach of contract

21 occurred; (2) the WCPA and fraud in the appraisal claims are barred by issue preclusion and

22 collateral estoppel; and (3) the IFCA claim is barred by Plaintiff's failure to comply with the

23 statute's notice provisions.

24

The Court finds that Plaintiff should be granted leave to amend to include the proposed claims.

First, the appraisal process was not a final adjudication on the merits such that Plaintiff's proposed claims are precluded. An appraisal award is not an adjudication on the merits until judicially confirmed. See Caldeira v. County of Kauai, 866 F.2d 1175, 1178 (9th Cir. 1989) ("[A]n *unreviewed* arbitration decision does not preclude a federal court action") (emphasis in original). Additionally, the appraisal panel's authority is limited to the measure of damages for loss. See, e.g., Keesling v. W. Fire Ins. Co., 10 Wn. App. 841, 845 ("An appraisal provision provides a method for establishing the dollar value of damage sustained. . . . The authority and control over the ultimate disposition of the subject matter remains with the courts."). "[A]n appraisal award might be challenged where the fairness of the appraisal process is questioned by the insured, through allegations of bias, prejudice, or lack of disinterestedness on the part of either an appraiser or the umpire." Pinney v. Am. Family Mutual Ins. Co., No. C11-175MJP, 2011 WL 13232603, at *1 (W.D. Wash. Dec. 8, 2011) (citing Bainter v. United Pacific Ins. Co., 50 Wn. App. 242, 246 (1988)).

Second, there is no evidence that Plaintiff failed to comply with the notice requirements of the IFCA. Plaintiff apparently faxed and mailed notice of alleged IFCA violations to Defendant on December 16, 2015. (Dkt. No. 32-14.) Plaintiff served its Complaint more than twenty days later, on February 11, 2016. (Dkt. No. 1). The IFCA provides only that "[t]wenty days prior to filing an action . . . claimant must provide written notice of the basis for the cause of action to the insurer . . ." RCW 48.30.015. The record shows Defendant received this notice. (Dkt. No. 32-15) ("Oregon Mutual also notes for its file that your letter of December 16, 2015, has threatened litigation.").

**Conclusion**

Having found that Plaintiff's proposed claims are not futile, the Court GRANTS Plaintiff's Motion for Leave to Amend. Within ten (10) days of the date of this Order, Plaintiff shall file an Amended Complaint consistent with the Proposed Amended Complaint filed in support of its Motion for Leave to Amend. (Dkt. No. 20-1.)

The clerk is ordered to provide copies of this order to all counsel.

Dated December 14, 2017.

Marsha J. Pechman
United States District Judge