The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON,
AT SEATTLE

REVERSE NOW VII, LLC,

           Plaintiff,

vs.

OREGON MUTUAL INSURANCE COMPANY

           Defendant.

Cause No. 2:16-CV-00209 MJP

**OREGON MUTUAL INSURANCE COMPANY'S MOTION FOR LEAVE TO AMEND ANSWER TO AMENDED COMPLAINT**

**Note on Calendar Motion:
May 4, 2018**

## I. RELIEF REQUESTED

Defendant Oregon Mutual Insurance Company (hereinafter "Oregon Mutual") respectfully requests that the Court grant its motion to amend its Answer to Plaintiff's Second Amended Complaint to add two additional affirmative defenses based on recently obtained information in the possession of Reverse Now's expert and counsel that was not disclosed to Oregon Mutual and is highly material to Oregon Mutual's defense.

## II. STATEMENT OF FACTS

**A. Background**

This matter arises from the insurance claim of plaintiff Reverse Now for damage caused by a fire at Reverse Now's apartment complex located at 10746 16th Avenue SW,

OREGON MUTUAL INSURANCE COMPANY'S MOTION FOR LEAVE
TO AMEND ANSWER TO AMENDED COMPLAINT – 1
USDC WD WA/SEA CAUSE NO.  2:16-CV-00209 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6000.00300 kd14bg073y

Seattle, Washington 98146 ("the Apartments").[1] *See* ECF 1. Oregon Mutual promptly responded to the loss and accepted coverage. *See* ECF 24, Ex. 2 at OMI 1098-1099; *see also* ECF 24, Exs. 7, 8, 9, 10, 12, 14, 15 & 18. Reverse Now retained the services of Paul Moreland and HMA as its public adjuster. As noted in greater detail below, however, Mr. Moreland was not a licensed public adjuster in Washington at that time—nor was he licensed at the beginning of the appraisal process. Oregon Mutual then faced unusual difficulties in resolving the claim, including a 13 month period of near total silence from Reverse Now and HMA. *See* ECF 24, Exs. 5, 6, 16, 20, 21 & 22.

Reverse Now eventually resumed communication, pursued appraisal, and named Randy Gower as its independent appraiser. *See* ECF 24, Ex. 27. Mr. Gower, however, was not independent. Oregon Mutual agreed to Reverse Now's request for appraisal and appointed Gary Halpin as its appraiser. *See* ECF 24, Ex. 28. Mr. Halpin and Mr. Gower selected Retired Judge Steve Scott as the appraisal umpire.[2] *See* ECF 24, Ex. 3.

The appraisal hearing took place on January 19, 2017. *See* ECF 23, Exs. A & B. The appraisal award was issued on February 3, 2017. *See* ECF 24, Exs. 3 & 4. Oregon Mutual paid the balance of the appraisal award shortly after it was issued. *See* ECF 24, Ex. 1, at Response to RFA 2. Reverse Now challenged the appraisal award based on its allegations of fraud and false testimony by a marbleCrete subcontractor via a motion to the appraisal panel

---

[1] A detailed statement of the facts has been briefed in Oregon Mutual's Motion for Summary Judgment. *See* ECF 22.
[2] Reverse Now sent an Insurance Fair Conduct letter to the OIC, and filed the present action, before the appraisers had met to discuss their findings. *See* ECF 24, Ex. 1 at Responses to RFAs 23 and 24, Ex. 29; *and see* ECF 1.

OREGON MUTUAL INSURANCE COMPANY'S MOTION FOR LEAVE TO AMEND ANSWER TO AMENDED COMPLAINT – 2
USDC WD WA/SEA CAUSE NO. 2:16-CV-00209 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6000.00300 kd14bg073y

1 dated April 26, 2017. ECF 27, Exs. I - VII. Judge Scott denied Reverse Now's motion. *See* ECF 23, Ex. F.

Reverse Now filed its Amended Complaint, adding claims challenging the appraisal process, on December 18, 2017. ECF 41. Oregon Mutual filed a timely Answer on December 28, 2017. ECF 42.

**B.  Newly Discovered Information**

Counsel for Oregon Mutual recently discovered new information regarding Reverse Now's insurance claim and the appraisal that gives rise to additional affirmative defenses of misrepresentation and concealment.

Importantly, Oregon Mutual recently learned that Paul Moreland and HMA were not in possession of a valid public adjusters' license in Washington while Mr. Moreland and HMA represented Reverse Now in its insurance claim with Oregon Mutual. *See* Dinning Dec., Ex. A at 7:18-9:17.  Nevertheless, Mr. Moreland represented himself as a public adjuster during the pendency of this matter, directed Oregon Mutual to make all communication through him, submitted estimates, and performed other activities of a public adjuster, all in violation of RCW 48.17.063. *See* ECF 32-4, 32-5, 32-7, 32-13. The fact that Mr. Moreland was not licensed in Washington as a public adjuster was never disclosed to Oregon Mutual.

Even now, Mr. Moreland continues to rely on activities performed and estimates and other materials generated in violation of RCW 48.17.063, including material submitted with his "expert" declaration. ECF 49-1; *See also* ECF 33.  Mr. Moreland also represents in his "expert" CV that he was employed by HMA Loss Consultants, LLC from 2013 to the present, where he would "negotiate and settle first party claims with our customers insurance carriers," but he fails to disclose that he was not licensed to perform such functions in Washington until sometime

OREGON MUTUAL INSURANCE COMPANY'S MOTION FOR LEAVE TO AMEND ANSWER TO AMENDED COMPLAINT – 3
USDC WD WA/SEA CAUSE NO.  2:16-CV-00209 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

6000.00300 kd14bg073y

after October 24, 2016, after the appraisal process began in this case. Dinning Dec., Ex. A; ECF 49-1. *See also* ECF 24, Ex 27 & 28.

Oregon Mutual has also learned that the appraiser selected by Reverse Now, Randy Gower, was not impartial - as required by the Policy issued by Oregon Mutual. *See* Dinning Dec., Ex. B. In fact, Mr. Gower has been close friends with Mr. Moreland since 1988. *Id* at 10:21-12:21. Oregon Mutual has learned that Mr. Moreland and Mr. Gower worked together for three different employers, and that Mr. Gower recommended Mr. Moreland for at least one of those positions. *Id.* Further, Mr. Moreland and Mr. Gower are former business partners. *Id* at 8:20-10:15. Oregon Mutual has also discovered testimony of Mr. Gower stating that he and Mr. Moreland have such a close personal and professional relationship that they routinely send each other items that they are working on. *Id* at 35:10-36:7. None of these facts were ever disclosed by plaintiff, Mr. Moreland or Mr. Gower to Oregon Mutual.

**C. Oregon Mutual Policy**

The Policy issued by Oregon Mutual contains relevant provisions addressing appraisal and addressing misrepresentations.

> SECTION I – PROPERTY AND SECTION
>
> * * *
>
> E. Property Loss Conditions
>
> * * *
>
> **2. Appraisal**
>
> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, **each party will select a competent and impartial appraiser**. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

OREGON MUTUAL INSURANCE COMPANY'S MOTION FOR LEAVE TO AMEND ANSWER TO AMENDED COMPLAINT – 4
USDC WD WA/SEA CAUSE NO. 2:16-CV-00209 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6000.00300 kd14bg073y

> **a.** Pay its chosen appraiser; and
>
> **b.** Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

ECF 32-1 at OMI000750 (BP 00 03 07 02, at p. 15), emphasis added. This provision requires that, in the event that one party to the insurance contract demands appraisal, that each party will select a competent and impartial appraiser. Based on newly obtained information, plaintiff's chosen appraiser, Mr. Gower, did not meet the above noted Policy requirement. This information is critical to Oregon Mutual's defense, particularly given Reverse Now's allegations of bad faith against Oregon Mutual in the appraisal process.

The Policy also provides the following:

> SECTION III – COMMON POLICY CONDITIONS (APPLICABLE TO SECTION I – PROPERTY AND SECTION II – LIABILITY)
>
> * * *
>
> **C. Concealment, Misrepresentation Or Fraud**
>
> This policy is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:
>
> 1. This policy;
> 2. The Covered Property;
> 3. Your interest in the Covered Property; or
> 4. A claim under this policy.

ECF 32-1 at OMI000772 (BP 00 03 07 02, at p. 37). This provision acts to void the policy of insurance in the event of intentionally concealment or misrepresentation regarding any material fact concerning a claim under the policy. Reverse Now's failure to meet this condition due to Mr. Moreland's and Mr. Gower's actions, as recently discovered, is highly material to Oregon Mutual's defense of this case.

OREGON MUTUAL INSURANCE COMPANY'S MOTION FOR LEAVE TO AMEND ANSWER TO AMENDED COMPLAINT – 5
USDC WD WA/SEA CAUSE NO. 2:16-CV-00209 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6000.00300 kd14bg073y

### III. ISSUE

Whether Oregon Mutual should be granted leave to amend its Answer to include meritorious defenses where (1) the information warranting the defense was not previously disclosed to Oregon Mutual, (2) Oregon Mutual has not previously sought leave to amend its Answer, (3) the amendments would not prejudice the Plaintiff, (4) court deadlines would not be disturbed, and (5) the amendments would not cause any party to incur additional litigation expenses?

### IV. EVIDENCE RELIEF UPON

This motion relies on the pleadings and records on file, and the declarations attached hereto.

### V. ANALYSIS AND CONCLUSION

Under Rule 15(a)(2), leave to amend should be "freely give[n]... when justice so requires." Fed. R. Civ. P. 15(a)(2). A court should apply this standard "with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted). There is a presumption in favor of granting leave to amend unless the opposing party can demonstrate prejudice or show a strong existence of bad faith or futility. See *Id*. at 1052; see also *Foman v. Davis*, 371 U.S. 178, 182 (1962). Undue delay is also a factor, however, on its own, it "is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999). Here, Oregon Mutual has acted in good faith and expeditiously; Oregon Mutual's added defenses against Plaintiff are viable; and Plaintiff will suffer no prejudice.

The new information discovered by Oregon Mutual comes from deposition testimony filed in the United States District Court for the Eastern District of Washington, Cause No.

OREGON MUTUAL INSURANCE COMPANY'S MOTION FOR LEAVE TO AMEND ANSWER TO AMENDED COMPLAINT – 6
USDC WD WA/SEA CAUSE NO. 2:16-CV-00209 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6000.00300 kd14bg073y

2:15-cv-00313-SAB, and was not provided by Reverse Now in response to discovery requests, nor disclosed at any point prior to litigation. In fact, Mr. Moreland's own testimony in that matter was not disclosed with his expert witness disclosure, in violation of FRCP 26(a)(2)(B)(v). *See* Dinning Dec., Ex. C. Upon receipt and review and consideration of the information, determining that this new information gives rise to an additional affirmative defense of misrepresentation, Oregon Mutual promptly filed the present motion.

Oregon Mutual's additional defense of misrepresentation is viable and critical to its defense of this matter. Anti-fraud provisions such as the one found in the Oregon Mutual Policy are enforceable in Washington, and an insured's breach of the provision will void the policy and preclude the payment of any benefits that would have been available under the policy. *See Mutual of Enumclaw Ins. Co. v. Cox*, 110 Wn.2d 643, 757 P.2d 499 (1988); *See also Wickswat v. Safeco Ins. Co.*, 78 Wn. App. 958, 971, 904 P.2d 767 (1995) (*Cox* reflects Washington's "policy choice not to permit an insured guilty of material fraud to sue an insurer for either a CPA violation or, implicitly, bad faith.").

Granting leave to amend the Answer will also not prejudice Reverse Now. Reverse Now's counsel was aware that Mr. Moreland was not licensed since October 24, 2016, at the latest, and all facts relevant to this affirmative defense are in the possession or control of Reverse Now and its representatives. *See* Dinning Dec, Ex. A & B. Accordingly, little, if any, discovery will be required on this matter to support Oregon Mutual's requested affirmative defenses. Indeed, Oregon Mutual's overall defense would be prejudiced without these amendments, particularly given the nature of the recently obtained evidence and the actions described therein (misrepresentation).

OREGON MUTUAL INSURANCE COMPANY'S MOTION FOR LEAVE
TO AMEND ANSWER TO AMENDED COMPLAINT – 7
USDC WD WA/SEA CAUSE NO.  2:16-CV-00209 MJP

S<small>OHA</small> & L<small>ANG</small>, P.S.
A<small>TTORNEYS AT</small> L<small>AW</small>
1325 F<small>OURTH</small> A<small>VENUE</small>, STE 2000
S<small>EATTLE</small>, W<small>ASHINGTON</small>  98101
(206) 624-1800/F<small>AX</small> (206) 624-3585

6000.00300 kd14bg073y

1  For these reasons, Oregon Mutual requests that this Court grant it leave to amend its Answer to Plaintiff's Amended Complaint in order to add the aforementioned affirmative defenses. The amendments are critical and material to Oregon Mutual's defense of this case. In accordance with LCR 15, Oregon Mutual has attached a copy of the proposed amended pleading as an exhibit to this motion.

DATED this 19th day of April, 2018.

SOHA & LANG, P.S.

By: *s/Jennifer P. Dinning*
R. Lind Stapley, WSBA #19512
Email address stapley@sohalang.com
Jennifer P. Dinning, WSBA # 38236
Email address dinning@sohalang.com
**Soha & Lang, P.S.**
1325 Fourth Avenue, Suite 2000
Seattle, WA  98101-2570
Telephone:  206-624-1800
Facsimile:   206-624-3585
Attorneys for Defendant Oregon Mutual Insurance Company

OREGON MUTUAL INSURANCE COMPANY'S MOTION FOR LEAVE TO AMEND ANSWER TO AMENDED COMPLAINT – 8
USDC WD WA/SEA CAUSE NO.  2:16-CV-00209 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

6000.00300 kd14bg073y

# CERTIFICATE OF SERVICE

I hereby declare that on April 19, 2018, I electronically filed the foregoing **OREGON MUTUAL INSURANCE COMPANY'S MOTION FOR LEAVE TO AMEND ANSWER TO AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

R. Scott Taylor
Clinton L. Tapper
Taylor & Tapper Attorneys
400 East 2nd Ave., Suite 103
Eugene, OR 97401
Tel: (541) 485-1511
Email: scott@taylortapper.com
Email: clinton@taylortapper.com
***Attorneys for Plaintiff Reverse Now VII, LLC***

Dated this 19th day of April, 2018

        *s/Helen M. Thomas*
        Helen M. Thomas
        Legal Secretary to Jennifer Dinning

OREGON MUTUAL INSURANCE COMPANY'S MOTION FOR LEAVE TO AMEND ANSWER TO AMENDED COMPLAINT – 9
USDC WD WA/SEA CAUSE NO. 2:16-CV-00209 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6000.00300 kd14bg073y