UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REVERSE NOW VII, LLC, | CASE NO. C16-209-MJP |
| Plaintiff, | ORDER GRANTING MOTION FOR LEAVE TO AMEND ANSWER |
| v. | |
| OREGON MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

THIS MATTER comes before the Court on Defendant Oregon Mutual Insurance Company's Motion for Leave to Amend its Answer to the Amended Complaint. (Dkt. No. 54.) Having reviewed the Motion, the Response (Dkt. No. 66), the Reply (Dkt. No. 70), and all related papers, the Court GRANTS the Motion. The Court declines to hear oral argument on the matter.

**Background**

Plaintiff Reverse Now VII, LLC filed this case in February 2016 alleging various claims arising from its property insurance claim with Defendant Oregon Mutual Insurance Company

1   ("Oregon Mutual"). (See Dkt. No. 1.) Under the scheduling order, the deadline to file amended

2   pleadings was September 7, 2017. (Dkt. No. 18.)

3         Oregon Mutual now seeks leave to amend its answer to add affirmative defenses of

4   misrepresentation and concealment. (Dkt. No. 54.) In particular, Oregon Mutual contends that

5   (1) Plaintiff's public adjuster Paul Moreland did not have a valid public adjusters' license at all

6   relevant times in violation of RCW 48.17.063, and (2) Plaintiff's independent appraiser Randy

7   Gower was not "independent" or "impartial" due to his "close personal and professional

8   relationship" with Mr. Moreland. (Id. at 3-4.) Oregon Mutual contends that Plaintiff's failure to

9   disclose this information voids the insurance policy and is critical to Oregon Mutual's defense in

10   this case. (Id. at 5.)

11                              **Discussion**

12         Federal Rule of Civil Procedure 16 governs motions to amend pleadings after the

13   deadline in the scheduling order and requires the moving party to establish "good cause" for any

14   such request. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit has explained that the "good cause"

15   standard "primarily considers the diligence of the party seeking the amendment," and that "the

16   focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v.

17   Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted).

18         Oregon Mutual contends that it did not learn of Plaintiff's alleged misrepresentations

19   regarding Mr. Moreland and Mr. Gower until April 9, 2018, and that this information was never

20   disclosed by Plaintiff. (Dkt. No. 70 at 4.) While Plaintiff responds that the facts regarding Mr.

21   Moreland's public adjuster's license and Mr. Gower's alleged partiality were in the public record

22   and could have been uncovered "[w]ith the exercise of due diligence" (Dkt. No. 66 at 5-6), the

23   Court disagrees. Oregon Mutual apparently discovered the relevant information through its

24

review of deposition transcripts filed in an unrelated litigation in the Eastern District of Washington. (See Dkt. No. 55, Exs. A, B, C.) While such transcripts may be "public" in a sense, "due diligence" does not require Oregon Mutual to obtain and review pleadings and exhibits in all cases involving insurance disputes. Further, the Court finds that whether Plaintiff's alleged misrepresentations are material to Oregon Mutual's defense raises factual questions that must be resolved through discovery.

## Conclusion

Having found good cause to modify its scheduling order, the Court GRANTS Defendant's Motion for Leave to Amend its Answer to the Amended Complaint. Defendant is ORDERED to file its Amended Answer within five (5) days of the date of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 10, 2018.

Marsha J. Pechman
United States District Judge