UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REVERSE NOW VII, LLC,<br><br>                        Plaintiff,<br><br>     v.<br><br>OREGON MUTUAL INSURANCE COMPANY,<br><br>                        Defendant. | CASE NO. C16-209-MJP<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL |

THIS MATTER comes before the Court on Plaintiff Reverse Now VII ("Reverse Now")'s in camera submission. Having reviewed the <u>in camera</u> submission and the earlier briefing on Defendant Oregon Mutual Insurance Company ("Oregon Mutual")'s Motion to Compel (Dkt. Nos. 57, 67, 74), the Court GRANTS IN PART and DENIES IN PART the Motion to Compel.

**Background**

Many of the facts of this case are set forth in detail in prior orders, and the Court will not repeat them here. (<u>See, e.g.</u>, Dkt. Nos. 40, 43.) The remaining relevant facts are as follows: Shortly after the loss in dispute, Plaintiff retained Paul Moreland and HMA Loss Consultants

LLC ("HMA") to represent it in its claim, including during the appraisal process in January-February 2016. (Dkt. No. 49.) Plaintiff disclosed Mr. Moreland as an expert in March 2018. (Id.).

In April 2018, upon learning that Mr. Moreland failed to maintain a valid public adjusters' license throughout the appraisal process, Oregon Mutual amended its answer to add affirmative defenses of misrepresentation and concealment, and moved to compel correspondence and documents related to Mr. Moreland and HMA. (See Dkt. Nos. 54, 57, 76.)

Oregon Mutual contends that Plaintiff has improperly withheld documents and communications generated in the course of Mr. Moreland's role as a public adjuster. (Dkt. No. 57.) The Court ordered Plaintiff to produce all documents relating to Mr. Moreland and/or HMA generated before he was retained as an expert, and to submit for in camera inspection all documents generated after he was retained. (Dkt. No. 79.) That inspection is now complete.

**Discussion**

I. **Legal Standard**

Federal Rule of Civil Procedure 26(b)(3) provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." The Ninth Circuit has explained that "a document should be deemed prepared in anticipation of litigation and thus eligible for work product protection under Rule 26(b)(3) if in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." In re Grand Jury Subpoena, 357 F.3d 900, 907 (9th Cir. 2004). If a

1 document would have been created in substantially similar form in the normal course of
2 business, however, the fact that litigation is pending will not protect it from discovery. Id.

**II. In Camera Inspection**

Plaintiff submitted 294 documents and communications for the Court's inspection. (See Dkt. No. 81, Ex. 2.) After reviewing these materials, the Court finds that the majority of documents identified for work product protection and attorney-client privilege were properly withheld.

The vast majority of the withheld documents appear to either be communications between Mr. Moreland and Plaintiff's lawyers, or documents generated by Mr. Moreland at the request of Plaintiff's lawyers. In this regard, "the degree to which counsel is involved in preparation of a document can obviously ease the burden of establishing that the document was created 'in anticipation of litigation or for trial," as "[i]t is, after all, lawyers who typically conduct litigation and try cases." MKB Constructors v. Am. Zurich Ins. Co., 2014 WL 12029371, at *4 (W.D. Wash. July 22, 2014). Further, the Court is aware of no authority for the position that a public adjuster—whether licensed or not—cannot properly be considered a party's "representative" for purposes of Rule 26(b)(3) where, as here, he works on behalf of the party or the party's counsel.

While Oregon Mutual observes that many of the withheld documents are related to the appraisal process (Dkt. No. 57 at 6), that is to be expected as many of the claims in the litigation are based upon allegations of fraud in that process. Contrary to Oregon Mutual's suggestion, it can hardly be said that documents generated by Mr. Moreland months after the close of the appraisal process were generated as "a part of the appraisal process" and thus "in the normal course of business." (Id.)

Nevertheless, the Court finds that several of the withheld documents do not meet the requirements of Rule 26(b)(3) and are not otherwise subject to privilege. For example, Document Nos. 115, 116, and 218 appear to primarily consist of communications between Mr. Moreland and non-parties, such that any claim of protection or privilege has been waived. Further, the Court finds that Plaintiff's privilege log is woefully inadequate, and does not even begin to "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim," as required under Rule 26(b)(5).

**Conclusion**

1. Plaintiff is ORDERED to turn over copies of the following documents, as numbered in the "Combined Privilege Log of Withheld Moreland/HMA Documents" (Dkt. No. 81, Ex. 2): No. 66, 115, 116, 141, 145, 150, 152, 157, 158, 160, 185, 218, 219, 221, 228, 254, 260, and 292.
2. Plaintiff is ORDERED to provide Defendants with a revised privilege log that complies with the requirements of Rule 26(b)(5);
3. Plaintiff is to comply by no later than ten (10) days of the date of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 11, 2018.

Marsha J. Pechman
United States District Judge